UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

JOSE LUIS ORTEGA
JUDY ORTEGA

               Debtors

CASE NO.: 10-11175(1)(12)

**MEMORANDUM-OPINION**

This matter came before the Court on the *Nunc Pro Tunc* Application to Employ Harned Bachert & McGehee, PSC ("Application") as Attorney for the Debtors Jose Luis Ortega and Judy Ortega ("Debtors"). The Court considered the Debtors' Application, the Objection to *Nunc Pro Tunc* Application filed by U.S. Trustee, Joseph J. Golden ("Trustee"), the Affidavit of Scott Bachert ("Bachert") and the comments of counsel for the parties at the hearing held on the matter.

On July 29, 2010, Bachert, a partner of Harned Bachert & McGehee, PSC, filed a Voluntary Petition on behalf of Debtors seeking relief under Chapter 12 of the United States Bankruptcy Code.

The Debtors' bankruptcy case has been vigorously contested and Debtors' counsel has performed extensive work on the case since its inception.

On June 28, 2011, Debtors filed their *Nunc Pro Tunc* Application seeking an order approving the employment of Bachert pursuant to Sections 327, 328(a) and 1107(a)(b) of the U.S. Bankruptcy Code and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure effective as of the date of the filing of the Petition.

The U.S. Trustee objects to approval of Bachert's retention as counsel for the Debtors effective as of June 28, 2011 based on well-established authority requiring Court approval of counsel in a timely manner to determine the qualifications of the attorney to render professional services, as well as the disinterestedness of counsel. <u>See</u>, *e.g. In re Jarvis*, 53 F.3d 416 (1ST Cir. 1995); *In re F\S Airlease II, Inc. v. Simon*, 844 F.2d 99, (3d Cir. 1988).

Following a hearing on the Application, the Court ordered Debtors' counsel to file an affidavit setting forth any extraordinary circumstances related to the late filing of the Application.

On August 2, 2011, Bachert filed his Affidavit stating that there were no extraordinary circumstances for the Court to consider and that in his 25 years of practicing law, this was the first case in which he had failed to timely file an Application for Employment.

Debtors' counsel has ably represented many debtors and creditors before this Court, including the Ortegas. Unfortunately, under the outstanding legal authority, bankruptcy statutes and rules, the Court cannot grant the Application and make it effective as to the date of the filing of the Petition absent extraordinary circumstances. The Court recognizes that extensive work has been performed by counsel and that the Application would have

likely been approved had it been timely submitted.  The Court has no alternative but to deny counsel's request regarding the effective date of the Application.  The Court, however, hearing no other objections to counsel's employment, will approve the Application and make it effective as of the date of the filing of the Application, June 28, 2011.

## CONCLUSION

For all of the above reasons, the Court **GRANTS IN PART AND DENIES IN PART** the *Nunc Pro Tunc* Application to Employ Harned Bachert & McGehee, PSC as attorney for Debtors Jose Luis Ortega and Judy Ortega.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

JOSE LUIS ORTEGA    CASE NO.: 10-11175(1)(12)
JUDY ORTEGA

_____Debtors_____

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the *Nunc Pro Tunc* Application to Employ Harned Bachert & McGehee, PSC as attorney for the Debtors, Jose Luis Ortega and Judy Ortega, is **GRANTED IN PART AND DENIED IN PART**. The Application is approved as of June 28, 2011.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

JOSE LUIS ORTEGA                              CASE NO.: 10-11175(1)(12)
JUDY ORTEGA

                    Debtors

**ORDER**

This matter came before the Court on the Motion of the Debtors, Jose Luis Ortega and Judy Ortega, to Correct Valuation of 30 Acres on the Small Farm on Riverbend Road. The Court considered the Debtors' Motion, the Objection to that Motion filed by First & Farmers National Bank, the Response to Objection of First & Farmers National Bank filed by Debtors and comments of counsel for the parties at the hearing held on the matter. The Court reviewed the filings of the parties and determines that the Warranty Deeds attached as Exhibits 1, 2 and 3 to the Response to the Objection of First & Farmers National Bank establish the number of acres for the small farm on Riverbend Road as 23 acres, rather than 30 acres. Therefore, the Court corrects its valuation of the small farm on Riverbend Road in Cumberland County to reflect the value of $82,800.

The Court being duly advised in the premises,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion of the Debtors, Jose Luis Ortega and Judy Ortega, to Correct Valuation of 30 Acres on the Small Farm on Riverbend Road, be and hereby is, **GRANTED**. The Memorandum-Opinion entered June 2, 2011 is amended to reflect that the correct number of acres comprising the small farm on Riverbend Road is 23 and has a fair market value of $82, 800.